D/F

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
LUIS RODRIGUEZ                                          :    10-CV-0781 (ARR)(LB)
                    Plaintiff,                          :
                                                        :    NOT FOR PRINT OR
        -against-                                       :    ELECTRONIC
                                                        :    PUBLICATION
DAVID G. TRAGER, U.S.D.J.,                              :
                                                        :    ORDER
                    Defendant.                          :
------------------------------------------------------------------ X
```

ROSS, United States District Judge:

Plaintiff Luis Rodriguez is in custody at the Metropolitan Detention Center in Brooklyn, New York while his criminal case is pending in the United States District Court for the Eastern District of New York. He filed the instant pro se complaint on February 17, 2010. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this order. For the reasons set forth below, the action is dismissed pursuant to 28 U.S.C. § 1915A(b).

## BACKGROUND

Plaintiff was indicted by a grand jury in this court on February 25, 2005 on six serious charges, including drug trafficking and murder. He went to trial before a jury and was found guilty on all six counts of the indictment on November 14, 2006.[1] The criminal case remains pending before the Honorable David G. Trager. While his criminal case was pending, plaintiff brought a series of motions in the criminal case and instituted related civil actions in this court.[2]

---

[1] United States v. Rodriguez, No. 05-CR-153(DGT), (E.D.N.Y. Nov. 14, 2006) (Dkt. No. 93).

[2] See Rodriguez v. Iula, No. 05-CV-4605(DGT), (E.D.N.Y.); Rodriguez v. Laird, No. 06-CV-2856(DGT), (E.D.N.Y.); Rodriguez v. Lindsay, No. 07-CV-2964(DGT), (E.D.N.Y.); Rodriguez v. Exec. Office of the United States Attorneys, et al., No. 09-CV-697(DGT), (E.D.N.Y.).

In the instant § 1983 action, plaintiff brings suit against the presiding judge in his criminal case, complaining about the court proceedings and judicial rulings in that case. Plaintiff requests injunctive relief, including an investigation into the alleged misconduct of the judge, removal of the judge from plaintiff's criminal case, independent review of the proceedings in the criminal case, and disciplinary action against the judge. Plaintiff further demands unspecified financial damages and a refund of his court filing fees and costs.

## DISCUSSION

### A. Standard of Review

Pursuant to 28 U.S.C. § 1915A, the court must review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The court is mindful that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiff asserts that he has stated a claim for violation of his constitutional rights pursuant to 42 U.S.C. § 1983, which authorizes claims for the violation of constitutional rights

by state actors. The court construes plaintiff's claim as one made pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which permits recovery for some constitutional violations by federal agents acting in their individual capacities. Bivens claims are treated as analogous to claims under 42 U.S.C. § 1983. See Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) ("federal courts have typically incorporated § 1983 law into Bivens actions"); see also Butz v. Economou, 438 U.S. 478, 504 (1978) (no distinction for purposes of immunity law between Bivens and § 1983 claims).

**B.     Judicial Immunity**

All of plaintiff's claims against Judge Trager must be dismissed. Judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. See Mireles v. Waco, 502 U.S. 9, 11 (1991); Forrester v. White, 484 U.S. 219, 225 (1988). To the extent that plaintiff seeks injunctive relief, separate from damages, such claims are precluded by the Federal Courts Improvement Act of 1996 ("FCIA"), which extends judicial immunity to most actions seeking prospective injunctive relief. See Jones v. Newman, No. 98 Civ. 7460(MBM), 1999 WL 493429, at *6-7 (S.D.N.Y. June 30, 1999); Kampfer v. Scullin, 989 F. Supp. 194, 201 (N.D.N.Y. 1997). The FCIA provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); see e.g., Huminski v. Corsones, 396 F.3d 53, 74 (2d Cir. 2005). District court judges in the Second Circuit have held that the limitations in § 309(c) of the FCIA apply to Bivens actions. See Jones, 1999 WL 493429, at *6-7; Kampfer, 989 F. Supp. at 201. Plaintiff has not alleged that a declaratory decree was violated or that declaratory

relief was unavailable. Accordingly, plaintiff's claims for injunctive relief are dismissed.

The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judicial officer be deprived of immunity "because the action he took was in error or was in excess of his authority." Mireles, 502 U.S. at 11, 13 (quotations and citations omitted). This immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." See id., at 11-12.

All of plaintiff's allegations against Judge Trager involve his rulings in plaintiff's criminal case and his handling of plaintiff's many motions. All of these actions are clearly judicial acts performed within Judge Trager's judicial capacity. These judicial functions are protected by absolute immunity. Accordingly, the claims against Judge Trager must be dismissed pursuant to 28 U.S.C. § 1915A(b).

## CONCLUSION

For the reasons stated above, the court finds that the named defendant is protected from suit by absolute judicial immunity. Since plaintiff's complaint fails to state a claim upon which relief may be granted, and since even a liberal reading of the complaint gives no indication that a valid claim could be stated under Bivens, this action is hereby dismissed pursuant to 28 U.S.C. § 1915A(b). Plaintiff's request for a change of venue is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

4

/Signed by Judge Ross/
_____
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
       March 8, 2010